# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00126-GCM

| | |
|---|---|
| **MAEBELL ROSE MOORE,**<br><br>Plaintiff,<br><br>v.<br><br>**NANCY A. BERRYHILL,**<br><br>Defendant. | **ORDER** |

    **THIS MATTER** comes before the Court upon Plaintiff's Consent Motion for Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d)(1)(A) [ECF Doc. 18], which was filed on January 22, 2020. The Court, being apprised of the facts and circumstances of the Motion, finds the following.

## DISCUSSION

    Under the Equal Access to Justice Act ("EAJA"), where a party's net worth is less than $2,000,000.00 at the time the civil action was filed, a court "shall award to a prevailing party other than the United States fees and other expenses" incurred in the civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d) (2018). A party obtaining a court order remanding a Social Security claim for further administrative proceedings qualifies as a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 293 (1993). Additionally, the Commissioner bears the burden to demonstrate that her positions were substantially justified or an award is unjust. *Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988). Lastly, an application for fees and expenses is timely if filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). Because an appeal

may be filed as of right by the United States within sixty days of the entry of a judgment or order, an application for fees is timely when filed within ninety days of the entry of judgment. *See id.*; Fed. R. App. P. 4(a)(1)(B).

The statutory requirements for an award of attorney's fees under the EAJA are met here. Plaintiff's net worth is less than $2,000,000.00, her Motion was timely, and there is no question that Plaintiff was the prevailing party. Additionally, it is the Commissioner's burden to prove that her positions were substantially justified or that an award would be otherwise unjust. As this is a consent motion and the Commissioner has filed no response arguing that her positions were substantially justified or an award of attorney's fees is otherwise unjust, the Commissioner has not met her burden. Having remanded this action for further administrative proceedings, the Court concludes an award of attorney's fees is appropriate. Therefore, the only remaining question is whether Plaintiff's request for attorney's fees in the amount of $4,323.72 for 21.00 attorney hours is appropriate.

The EAJA sets a cap of $125 per hour on attorney's fees, unless a court deems that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). District courts have sound discretion to determine a reasonable attorney's fee award, including the reasonableness of awarding hourly attorney's fees that exceed the statutory cap. *Pierce v. Underwood*, 487 U.S. 552, 571 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991) (discussing a district court's discretion in increasing the attorney's fee award based on cost of living). In its discretion, it is appropriate for a district court to make an inflation adjustment to the attorney's fees rate using the relevant current federal Consumer Price Index ("CPI"), as compared to the CPI numbers from when the statutory cap was created. *See Harris v. Sec'y, Dep't of Health*

*& Human Servs.*, 792 F. Supp. 1014, 1017 (E.D. Va. 1991). Here, Plaintiff properly calculated the percent CPI increase for the months her attorney worked, March 2019 and July 2019, as 63.26 % and 64.79 %, respectively. *See* ECF Doc. 19-2. Additionally, the Court finds that the number of hours claimed is reasonable. *See id.* Due to a rounding error in the adjusted hourly rate, Plaintiff requests an award of $4,323.72 where the Court calculates that the award should be $4,323.88. However, seeing that this is a consent motion, the Court finds that the requested attorney's fees award is reasonable and that the Motion should be **GRANTED**.

**IT IS HEREBY ORDERED** that the Consent Motion for Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d)(1)(A) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorney's fees in the amount of $4,323.72.

**SO ORDERED.**

Signed: October 26, 2020

Graham C. Mullen
United States District Judge